**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| Randy & Jessica Lyn Bingham | ) | Bankruptcy No. 22 B 00494 |
| | ) | |
| _____ | ) | Judge LaShonda A. Hunt |
| | ) | |
| Timothy P. Collins and Peggy C. Collins | ) | Chapter 7 |
| Plaintiffs | ) | |
| v. | ) | Adv. No. 22 A 00065 |
| Randy Bingham, | ) | |
| Defendant | ) | |

To: Timothy Collins
 timothy.collins@heplerbroom.com

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **June 10, 2022**, at 9:15 A.M., I will appear before the Honorable LaShonda A. Hunt, or any judge sitting in her place, and present the attached **Motion to Dismiss Counts II and III**, a copy of which is hereby served upon you.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance at the courthouse is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/join. Then enter the meeting ID and passcode.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is 161 165 5696 and the passcode is 7490911. The meeting ID and passcode can also be found on Judge Hunt's webpage on the court's website, https://www.ilnb.uscourts.gov/content/judge-lashonda-hunt

 **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

David P. Lloyd
615B S. LaGrange Rd.
LaGrange IL  60525
708-937-1264
Fax: 708-937-1265

## **CERTIFICATE OF SERVICE**

  I, David P. Lloyd, an attorney, certify that I caused a copy of the foregoing Notice and Motion to be served on the parties listed on the attached service list by electronic notice, prior to 5:00 P.M., this 2nd day of June, 2022.


        /s/ David P. Lloyd
        David P. Lloyd

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| Randy & Jessica Lyn Bingham | ) | Bankruptcy No. 22 B 00494 |
| | ) | |
| _____ | ) | Judge LaShonda A. Hunt |
| | ) | |
| Timothy P. Collins and Peggy C. Collins | ) | Chapter 7 |
| Plaintiffs | ) | |
| v. | ) | Adv. No. 22 A 00065 |
| Randy Bingham, | ) | |
| Defendant | ) | |

## DEFENDANT'S MOTION TO DISMISS COUNTS II AND III

NOW COMES the Defendant, Randy Bingham, by and through his attorney, David P. Lloyd, and moves this honorable Court to dismiss Counts II and III of the Complaint herein, and in support thereof states as follows:

<u>Dismissal of Count II—Exception to Discharge under §523(a)(4)</u>

1. In Count II, Plaintiffs allege that their claim should be excepted from discharge on the basis of embezzlement or larceny under Section 523(a)(4) of the Bankruptcy Code.

2. In their Complaint, Plaintiffs alleged that they contracted with the Defendant for demolition and rehabilitation work on their residence.

3. Plaintiffs confirm that they had a contract with the Defendant for "Demo, mechanicals, drywall, tape, prime, 1st coat of paint, baseboard, flooring, cabinets" (<u>Complaint, ¶16</u>), and that they agreed to pay $23,693.00 under the contract (<u>Complaint, ¶18</u>).

4. Plaintiffs allege that they voluntarily paid Defendant $13,000.00 pursuant to the contract (<u>Complaint, ¶33</u>).

5. In Count II, Plaintiffs allege that "Bingham stole and/or embezled the Collins' money in contravention of 11 U.S.C. §523(a)(4)" (<u>Complaint, ¶102</u>).

6. By use of the word "stole," Plaintiffs apparently allege larceny against Defendant as a ground to determine dischargeability under §523(a)(4).

7. "Larceny is proven for § 523(a)(4) purposes if the debtor has wrongfully and with fraudulent intent taken property from its owner." Matter of Rose, 934 F.2d 901, 903, Bankr. L. Rep. P 74032, 1991 WL 101602 (7th Cir. 1991).

8. When a customer voluntarily makes a payment under a contract, the funds transferred to the other party become property of the payee, and the payor does not retain an ownership interest in the money. In re Mathis, 360 B.R. 662, 668 (Bankr. C.D. Ill. 2006).

9. As the money transferred to the Defendant became his property, he could not take property of the Plaintiffs by using the money deposited under the contract. Count II does not state a claim for determination of dischargeability for larceny.

10. For the same reason, Count II does not state a claim for determination of dischargeability for embezzlement. "Embezzlement is the fraudulent or knowing and willful misapplication or conversion of property that belongs to another person by one to whom such property has been entrusted or into whose hands it has lawfully come." In re Jaffe, 111 B.R. 701, 702 (Bankr. N.D. Ill. 1990).

11. When Plaintiffs paid the deposit to Defendant under the contract, they no longer had an ownership interest in the money; the money became the property of the Defendant. *One cannot embezzle one's own property.* In re Udelhoven, 624 B.R. 629, 650–52, 2021 WL 186985 (Bankr. N.D. Ill. 2021) (emphasis in original). There is no allegation in the Complaint that Defendant was required to hold the money in trust for the Plaintiffs.

WHEREFORE Defendant Randy Bingham prays that Count II be dismissed with prejudice for failure to state a claim under which relief can be granted, pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure and Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

<u>Dismissal of Count III—Exception to Discharge under 11 U.S.C. §523(a)(6)</u>

16. In Count III, Plaintiffs allege that their claim should be excepted from discharge on the basis of willful and malicious injury under Section 523(a)(6) of the Bankruptcy Code (at ¶109 of the Complaint, Plaintiffs incorrectly cite the wording of §523(a)(4), reciting "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny"; however, the citation of §523(a)(6) and the recitation of facts under Count III support the conclusion that Plaintiffs are actually alleging willful and malicious injury under §523(a)(6).

17. Throughout the Complaint, and particularly in Count III (¶¶s 105-108), Plaintiffs allege that Defendant entered into the contract and obtained money under the contract, without intending to complete the work and based on false representations, as well as breaches of the contract.

18. "Section 523(a)(6) provides that a debt will not be discharged for 'willful and malicious injury by the debtor to another entity or to the property of another entity.' Intentional breach of contract, by 'itself, is insufficient for willful and malicious injury under § 523(a)(6); a showing of intentional tortious conduct is required.' *In re Jercich,* 238 F.3d 1202, 1206 (9th Cir.2001); *but see In re Williams,* 337 F.3d 504, 514 (5th Cir.2003). Under *Kawaauhau v. Geiger,* 523 U.S. 57, 64, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), 'debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)'. *Kawaauhau* requires 'acts with the actual intent to cause injury' for a claim under § 523(a)(6), not 'acts, done intentionally, that cause injury.' *Kawaauhau,* 523 U.S. at 61, 118 S.Ct. 974." <u>In re Irmen</u>, 379 B.R. 299, 312–13, 2007 WL 4302736 (Bankr. N.D. Ill. 2007).

19. As stated above, once Plaintiffs paid Defendant the deposit under the contract, Plaintiffs no longer had any interest in those funds. The Complaint does not identify any interest

in any account, or any financial instrument, including any lien interest, that Plaintiffs held, and that was damaged by Defendant. The Complaint states a breach of contract claim, and, in Count I, alleges fraud under §523(a)(2)(A), but not the willful or malicious damage to any property.

20. Count III does allege that Defendant "instructed his employees to demolish the kitchen and begin re-installing the drywall…" (Complaint, ¶106). Plaintiffs do not allege that the demolition, which was clearly damage to Plaintiff's property, was done willfully and maliciously; but to the extent that the Court could read such an allegation under liberal pleading standards, the Complaint, ¶16, states that the contract between the parties provided for "demo," clearly meaning "demolition."

21. The Complaint does not allege that Defendant undertook the demolition with an intent to damage or permanently deprive Plaintiff's of the property. Further, the Defendant was authorized under the contract to undertake the demolition work. "Turning now to the issue of malice, the accepted definition of this word, as applied to § 523(a)(6), is acts taken in conscious disregard of the debtor's duties or without just cause or excuse. *Wheeler v. Laudani,* 783 F.2d 610, 615 (6th Cir.1986), *citing Tinker v. Colwell,* 193 U.S. 473, 486, 24 S.Ct. 505, 508, 48 L.Ed. 754 (1904). In re Martin, 321 B.R. 437, 441–42, 2004 WL 3234340 (Bankr. N.D. Ohio 2004).

22. Defendant undertook the demolition work on the Plaintiffs' building, not in conscious disregard of the debtor's duties, but in fulfillment of his duties under the contract. He undertook the demolition work, not without just cause or excuse, but under the specific direction of the Plaintiffs under the contract. Complaint, ¶16.

WHEREFORE Defendant Randy Bingham prays that Count III be dismissed with prejudice for failure to state a claim under which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,
Randy Bingham


By:__/s/ David P. Lloyd__
     One of his attorneys

David P. Lloyd, Ltd.
615B S. LaGrange Rd.
LaGrange IL  60525
708-937-1264
Fax: 708-937-1265